**ANDREW K. NIETOR**
California Bar No. 208784
110 West C Street, Suite 707
San Diego, California 92101
Telephone: (619) 794-2386

Attorney for Defendant Cynthia Murillo

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILY L. HUFF)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE ROBERT QUINTERO,<br><br>Defendant. | ) | Criminal No. 08CR2408-H<br><br>Date: Sept. 2, 2008<br>Time: 2:00 p.m.<br><br>NOTICE OF MOTIONS AND MOTIONS TO:<br>1) COMPEL DISCOVERY;<br>2) PRESERVE EVIDENCE; AND<br>3) ALLOW FURTHER MOTIONS. |

TO: KAREN HEWITT, UNITED STATES ATTORNEY, AND
RANDY JONES, ASSISTANT UNITED STATES ATTORNEY

**PLEASE TAKE NOTICE** that on Sept. 2, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, the accused, George Quintero, by and through her attorney, Andrew K. Nietor, will ask this Court to enter an order granting the motions listed below.

//

//

//

//

//

//

**MOTIONS**

George Quintero, the accused in this case, by and through her attorney, Andrew K. Nietor, pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, Federal Rules of Criminal Procedure and all other applicable statutes, case law and local rules, hereby moves this court for an order:

1) to compel discovery;

2) to preserve evidence; and

3) to allow further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

/s/ Andrew Nietor

Dated: August 19, 2008

**ANDREW K. NIETOR**

Attorney for Defendant Quintero

**ANDREW K. NIETOR**
California Bar No. 208784
110 West C Street, Suite 707
San Diego, California 92101
Telephone: (619) 794-2386

Attorney for Defendant George Quintero

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 08cr2408-H |
| Plaintiff, | ) | Date: Sept. 2, 2008<br>Time: 2:00 p.m. |
| v. | ) | |
| GEORGE QUINTERO, | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| Defendant. | ) | |

**I.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

This request for discovery is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989). To date, defense counsel has not received any discovery.

(1) Mr. Quintero's Statements. The government must disclose: (1) copies of any written or recorded statements made by Mr. Quintero; (2) copies of any written record containing the substance of any statements made by Mr. Quintero; and (3) the substance of any statements made by Mr. Quintero that the government intends to use, for any purpose, at trial. See Fed. R. Crim. P. 16(a)(1)(A).

(2) Mr. Quintero's Prior Record. Mr. Quintero requests disclosure of his prior record. This includes Mr. Quintero' record of contacts with the United States Border Patrol and/or the

Immigration and CustoMr Enforcement, even if those contacts did not result in prosecution. See Fed. R. Crim. P. 16(a)(1)(B).

(3) Arrest Reports, Notes and Dispatch Tapes. Mr. Quintero requests all arrest reports, notes, dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning. This request includes, but it is not limited to, any rough notes, photographs, records, reports, transcripts or other discoverable material. Fed. R. Crim. P. 16 (a)(1(A); Brady v. Maryland, 373 U.S. 83 (1983). The government must produce arrest reports, investigators' notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16 (a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(i).

(4) Documents and Tangible Objects. Mr. Quintero requests the opportunity to inspect, copy, and photograph all documents and tangible objects which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to him. See Fed. R. Crim. P. 16(a)(1)(C). To that end, defense counsel requests that such evidence be preserved, including, but not limited to, the contraband alleged to have been in Mr. Quintero's vehicle.

(5) Reports of Scientific Tests or Examinations. Mr. Quintero requests the reports of all tests and examinations which are material to the preparation of the defense or are intended for use by the government at trial. See Fed. R. Crim. P. 16(a)(1)(D).

(6) Expert Witnesses. Mr. Quintero requests the name and qualifications of any person that the government intends to call as an expert witness. See Fed. R. Crim. P. 16(a)(1)(E). In addition, Mr. Quintero requests written summaries describing the bases and reasons for the expert's opinions. See id. We request that the Court order the government to notify the defense as such in a timely manner, so that a proper 104 (Kumho-Daubert) admissibility hearing can be conducted without unduly delaying the trial.

(7) Brady Material. Mr. Quintero requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt or punishment. See Brady v. Maryland, 373 U.S. 83 (1963).

In addition, impeachment evidence falls within the definition of evidence favorable to the accused, and therefore Mr. Quintero requests disclosure of any impeachment evidence concerning any

of the government's potential witnesses, including prior convictions and other evidence of criminal conduct. See United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). Further, Mr. Quintero requests any evidence tending to show that a prospective government witness: (i) is biased or prejudiced against the defendant; (ii) has a motive to falsify or distort his or her testimony; (iii) is unable to perceive, remember, communicate, or tell the truth; or (iv) has used narcotics or other controlled substances, or has been an alcoholic.

(8) Request for Preservation of Evidence. Mr. Quintero specifically requests the preservation of all physical or documentary evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and that relate to the arrest or the events leading to the arrest in this case.

(9) Any Proposed 404(b) Evidence. "[U]pon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Rule 404(b). Fed. R. Evid. 404(b). Mr. Quintero requests such notice three weeks before trial in order to allow for adequate trial preparation.

(10) Witness Addresses. Mr. Quintero's counsel requests access to the government's witnesses. Thus, counsel requests a witness list and contact phone numbers for each prospective government witness. Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as government witnesses.

(11) Jencks Act Material. Mr. Quintero requests production in advance of trial of all material discoverable pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case; these notes must be produced pursuant to 18 U.S.C. § 3500(e)(1). This request also includes production of transcripts of the testimony of any witness before the grand jury. See 18 U.S.C. § 3500(e)(3).

(12) Informants and Cooperating Witnesses. Mr. Quintero requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or

otherwise participated in the crime charged against Mr. Quintero. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Quintero. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id.

(13) Residual Request. Mr. Quintero intends by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## II.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

Counsel for Mr. Quintero has not received any discovery it this case. As new information comes to light, the defense may find it necessary to file further motions. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

## III.

## CONCLUSION

For the reasons stated above, Mr. Quintero requests that this Court grant his motions.

Respectfully submitted,

/s/ Andrew Nietor

Dated: August 19, 2008

**ANDREW K. NIETOR**

Attorney for Defendant Quintero

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE QUINTERO,<br><br>Defendant. | ) | CASE NO. 08CR2408-H<br><br><br><br><br><br><br><br><br>PROOF OF SERVICE |

I, the undersigned, declare:

That I served the within Defendant’s Motions to the United States Attorney’s Office through this district’s CM/ECF system.

I certify that the foregoing is true and correct. Executed on August 19, 2008 at San Diego, California.

/s/ Andrew Nietor
ANDREW K. NIETOR